UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXANDER GOMEZ-ENAMORADO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN THOMPSON,<br><br>　　　　Respondent. | Case No. 24–cv–06939–ESK<br><br><br>OPINION |

**KIEL, U.S.D.J.**

　　**THIS MATTER** comes before the Court on petitioner Alexander Gomez-Enamorado's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Petition) arguing that the Bureau of Prisons (Bureau) failed to place him into a residential reentry center (reentry center) pursuant to the Second Chance Act (Act). (ECF No. 1.) Respondent Warden Thompson opposes the Petition. (ECF No. 8.) For the following reasons, I will deny the Petition.

　　**I.　FACTS AND PROCEDURAL HISTORY**

　　Petitioner is presently detained at FCI Fort Dix, New Jersey (Fort Dix) after being convicted of multiple felony violations of the D.C. Code, including murder and armed robbery convictions. (ECF No. 8 p. 5.) His projected release date from custody is April 23, 2025. Bureau Inmate Locator, available at https://www.bop.gov/inmateloc/ (last visited Mar. 20, 2025.)

　　On March 8, 2024, petitioner submitted an inmate request to Fort Dix case manager Stacey Ainsworth asking to be placed into a reentry center pursuant to the Act, 18 U.S.C. § 3624(c)(1). (ECF No. 1 p. 9.) Ainsworth denied the request on March 11, 2024. (*Id.*) She stated that petitioner was deemed ineligible for reentry center placement because he had "the Public Safety Factor

of Deportable Alien" and had a formal Immigration and Customs Enforcement detainer.  (*Id.*)

Petitioner sent an email to Fort Dix Warden Thompson on March 16, 2024 asserting that Ainsworth had refused to give him a form so that he could file an administrative remedy.  (*Id.* p. 10.)  Petitioner wrote that Ainsworth had told a subordinate not to give him the form, saying that petitioner was a murderer and would "get nothing" and to "stop wasting [her] time and get out of here!" (*Id.*)  He asked Warden Thompson to direct staff to provide him with the appropriate remedy forms.  (*Id.*)

Petitioner filed his Petition on June 7, 2024.  (*Id.*)  Respondent submitted an answer on August 19, 2024.  (ECF No. 8.)  Respondent opposes the Petition and argues that it should be dismissed because petitioner failed to exhaust his administrative remedies.  (*Id.* p. 11.)  Respondent argues in the alternative that the Petition should be denied because the Bureau complied with applicable laws in considering petitioner's reentry center placement requests.  (*Id.* p. 12.)

## II.  LEGAL STANDARD

Title 28, Section 2243 of the United States Code provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973); *see also Muhammad v. Close*, 540 U.S. 749 (2004).

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976);

*Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* habeas petition must be construed liberally. *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002).

### III. DISCUSSION

#### A. <u>Exhaustion of Administrative Remedies</u>

Respondent argues that the Petition should be dismissed because petitioner did not exhaust the Bureau's administrative remedy program. (ECF No. 8 p. 11.) "Although there is no statutory exhaustion requirement attached to § 2241," the Third Circuit has "consistently applied an exhaustion requirement to claims brought under § 2241." *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). "Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review." *Rodriguez v. Sage*, No. 1:22–cv–02053, 2023 U.S. Dist. LEXIS 34352, *4 (M.D. Pa. Mar. 1, 2023) (citing *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761 (3d Cir. 1996)). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761–62.

The Bureau's administrative remedy system has three tiers allowing "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). "[A]n inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). Next, the inmate submits a formal written administrative remedy request to the facility warden on the BP–9 form. 28 C.F.R. § 542.14(a). "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP–10) to the appropriate Regional Director

within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a). "An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP–11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." *Id.* "Appeal to the General Counsel is the final administrative appeal." *Id.*

Petitioner concedes that he did not exhaust his administrative remedies but asserts the system was unavailable to him. (ECF No. 1 pp. 12, 13.) According to petitioner, Ainsworth refused to give him a BP–8 or BP–9 form and prevented other staff from giving him forms either. (*Id.* p. 13.) Ainsworth submitted a declaration denying this happened. (ECF No. 8–1 ¶ 9.)

I decline to dismiss the Petition as unexhausted because there is a factual dispute as to whether Fort Dix staff intentionally prevented petitioner from using the administrative remedy program. I will exercise my discretion to address the merits of the Petition.

### B. Residential Reentry Center Placement

The Act directs the Bureau "to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility." 18 U.S.C. § 3624(c)(1).

"The [Bureau] exercises its authority pursuant to the [Act] to determine individual prisoner [reentry center] placements by applying the five factors set forth in" 18 U.S.C. § 3621(b). *Vasquez v. Strada*, 684 F.3d 431, 434 (3d Cir. 2012); *see also* 18 U.S.C. § 3624(c)(6)(A) (instructing Bureau director to issue regulations "in a manner consistent with section 3621(b) of this title"). These factors are:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence—
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). The Bureau also considers "participation and/or completion of Skills Development programs pursuant to 42 U.S.C. § 17541." *Vasquez*, 684 F.3d at 434. My review is limited to whether the Bureau abused its discretion. *Id.* (citing *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1991)).

Petitioner cannot meet his burden of demonstrating that the Bureau violated the applicable federal law. Petitioner asserts the Bureau was required to place him in a reentry center for some portion of his final months. (ECF No. 1 p. 15 ("The respondent abused its power and violated statute by denying ANY [reentry center] placement … .").) This is incorrect. As quoted *supra*, the Act gives "the [Bureau] the discretion to determine whether and how long (not to exceed 12 months) an inmate is to be pre-released to an [reentry center], provided such pre-release confinement is practicable and the [Bureau] considers § 3621(b)'s factors when making its determination." *Davis v. Kuta*, No. 3:16–cv–00046, 2016 U.S. Dist. LEXIS 29743, *8 (W.D. Pa. Mar. 7, 2016) (citing 18 U.S.C. § 3624(c); 28 C.F.R. § 570.22). Congress was clear that the

Act should not "be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621." 18 U.S.C. § 3624(c)(4). A federal prisoner has no entitlement to placement in a reentry center prior to the end of his term of imprisonment. *Fagiolo v. Smith*, 326 F. Supp. 2d 589, 592 (M.D. Pa. 2004); *Williams v. Allenwood-Low*, No. 3:24–cv–01321, 2024 U.S. Dist. LEXIS 165919, *12 (M.D. Pa. Sept. 16, 2024) ("[N]othing in the Second Chance Act … or § 3621(b) entitles an inmate to any guaranteed placement in [a reentry center].") Petitioner was entitled to have individualized consideration, which he received.

"Inmates in the following categories shall not ordinarily participate in CCC programs: Inmates who are assigned a 'Deportable Alien' Public Safety Factor." Bureau Program Statement 7310.04 ¶ 10(b), available at https://perma.cc/NGD5-9XXP (last visited Mar. 20, 2025); *see also* 28 C.F.R. § 550.55(b)(1) (stating Immigration and Customs Enforcement detainees are not eligible for early release). "The consideration of what Public Safety Factors an inmate has been assigned falls within 'the history and characteristics of the prisoner,' and as such is one of the individualized circumstances that the [Bureau] considers as part of its § 3621(b) analysis." *Davis*, 2016 U.S. Dist. LEXIS 29743, *9. This policy "is rationally related to the legitimate governmental interest of preventing [Immigration and Customs Enforcement] detainees from fleeing." *Talero v. O'Brien*, No. 1:11–cv–00169, 2012 U.S. Dist. LEXIS 67243, *17 (N.D.W.Va. Apr. 19, 2012) (citing *McClean v. Crabtree*, 173 F.3d 1176, 1184 (9th Cir. 1999)).

Petitioner cites to *Smith v. Knight*, No. 22–cv–07148 (D.N.J. Mar. 28, 2023), as proof that a prisoner with an immigration detainer may be released to a residential reentry center. (ECF No. 1 p. 14.) However, a review of Smith's custody classification form that he submitted indicates that he did not

have any detainer. *See Smith*, No. 22–cv–07148 ECF No. 1–1 p. 9.[1] Therefore, the *Smith* matter does not support petitioner's argument.

I find that the Bureau did not abuse its discretion in denying petitioner a reentry center placement. The Bureau considered the relevant factors, including petitioner's status as a deportable alien, and concluded that placement would not be appropriate. *See Pisman v. Warden Allenwood FCI Low*, No. 23–02048, 2023 U.S. App. LEXIS 26921, *2–3 (3d Cir. Oct. 11, 2023) (affirming decision that prisoner with a "deportable alien" public safety factor was ineligible for residential re-entry programs); *Kmet v. Sec'y of the D.H.S.*, No. 19–cv–19307, 2020 U.S. Dist. LEXIS 60742, *2–3 (D.N.J. Mar. 20, 2020) (noting deportable aliens are not eligible for reentry center placement). Therefore, I will deny the Petition.

## IV.  CONCLUSION

For the reasons stated above, I will deny the Petition. An appropriate Order accompanies this Opinion.

 

                                                                                 */s/ Edward S. Kiel*
                                                                    **EDWARD S. KIEL**
                                                            UNITED STATES DISTRICT JUDGE

Dated: March 26, 2025

---

[1] I take judicial notice of the public docket. *See Orabi v. AG of the United States*, 738 F.3d 535, 537 n. 1 (3d Cir. 2014).